UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON KERZNER,

    Plaintiff,

v.                                          Case No. 8:05-cv-178-T-30MSS

HILTON HOTELS CORPORATION,

    Defendants.

_____/

# ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss the Complaint (Dkt. #5) and Plaintiff's Memorandum in Opposition (Dkt. #12). The Court, having considered the motion and response, and being otherwise fully advised, finds that the Motion should be denied.

Plaintiff was an employee of Defendant until Plaintiff voluntarily resigned in August 2002. Plaintiff alleges that Defendant breached its statutory obligation, as the sponsor of Plaintiff's benefit plan, to provide continuation of group health insurance coverage and notice of Plaintiff's right to continuation of group health insurance coverage following a qualifying event, pursuant to 29 U.S.C. §1161, et seq.

Defendant has moved to dismiss Plaintiff's complaint on the grounds that it is not the "administrator" who would be liable to Plaintiff for statutory damages.

Alternatively, Defendant asserts that Plaintiff has been made whole by the $4,000.00 settlement offer it made on April 4, 2005.

The appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must view the complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. Marshall County Bd. Of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). Here, there are disputes involving material issues of fact and therefore the complaint may not be dismissed.

First, despite Defendant's assertions to the contrary, it is unclear whether the Defendant is the "administrator" who would be liable for claims under 29 U.S.C. §1132(a)(1)(A) and 1132(c). "Administrator," as defined by the statute, is either "the person specifically so designated by the terms of the instrument under which the plan is operated" or, if one is not designated, "the plan sponsor." 29 U.S.C. 1002(16)(A)(i),(ii). Defendant has not provided a copy of the policy or other plan instrument to support its assertion that it is not the administrator of the benefits plan.

Defendant's reliance on Vincent v. Wells Fargo Guard Services, Inc., 44 F.Supp.2d 1302 (S.D. Fla. 1999), to exclude Defendant as the "administrator" is misplaced. Vincent was decided on a motion for summary judgment, after the parties had an opportunity to conduct discovery and to supplement the record. The court's determination that a third-party contractor was the "administrator" relied on the evidence presented regarding the duties performed by contractor, as well as the responsibilities and rights conveyed by the employer/sponsor to the third-party contractor. Since no evidence of rights or duties of the various parties has been provided in this case, the Court cannot reach the same conclusion at this time.

Second, it is not clear that Plaintiff would be made whole by Defendant's offer of settlement. In addition to $1,925.00 in current medical bills and attorney's fees, Plaintiff also seeks an award to cover future damages resulting from Defendant's actions and civil penalties in the amount of $110.00 per day pursuant to 29 U.S.C. §1132.[1] In order for a settlement offer to moot a case, the offer must be equivalent to or greater than a default judgment in the claim. Mackenzie v. Kindred Hospitals East, L.L.C., 276 F.Supp.2d 1211, 1219 (M.D. Fla. 2003). Here, Plaintiff's complaint alleges damages in excess of the offer. Even though some of these damages are "potential," this does not preclude the suit from continuing so that Plaintiff may gather and present evidence to substantiate these claims. Further, even absent these claims,

---

[1] Plaintiff's complaint alleges that he is entitled to damages for each day between October 14, 2002, the date he was entitled to receive notice, and September 10, 2003, the date notice was actually provided.

Plaintiff seeks $110.00 per day in statutory damages which, in addition to current medical bills, cumulatively exceed the settlement offered by Defendant at the time the offer was made. Therefore, Plaintiff's claim is not rendered moot by the settlement offer.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. #5) is **DENIED**.

2. Defendant shall file an answer to Plaintiff's Complaint within fifteen (15) days of the date of this order.

**DONE** and **ORDERED** in Tampa, Florida on May 31, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\PDF TEMP FILE\05-cv-178.order.wpd